IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GALEN D. SEUFERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-3320-CV-S-NKL-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff Galen D. Seufert's ("Seufert") Motion for Summary Judgment (Doc. 12). Seufert seeks judicial review of the Commissioner's denial of his request for disability insurance benefits based on Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, as well as the Commissioner's denial of his request for supplemental security income benefits based on Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.

On November 24, 2003, following a hearing, the Administrative Law Judge ("ALJ") found that Seufert was not entitled to benefits under the Act and such determination became a final decision of the Commissioner upon the Appeals Council's denial of Seufert's request for review. Judicial review is appropriate because Seufert has exhausted his administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

1

Upon review of the record, the Court determines that the ALJ's evaluation of this case was inadequate. First, the ALJ incorrectly found that Seufert's depression had been "diagnosed as situational." (Tr. 21.) The medical record establishes that Seufert's depression is more pervasive than that. Seufert's physician, Jeffrey Tedrow, diagnosed Seufert with depression in February 2001, stating that it was "*somewhat* situational." (Tr. 199) (emphasis added). Dr. Tedrow prescribed Paxil, and on a subsequent visit he prescribed Xanex. The subsequent medical records reveal that Seufert returned to Dr. Tedrow's office on a number of occasions over a period of nine months. On each visit, Seufert complained of his depression. (Tr. 196, 195, 194.) None of these subsequent medical records suggests that Seufert's depression was situational. Rather, the records reveal that Seufert underwent continuing treatment for his depression, and that he continued to take Paxil and Xanex. In November 2001, apparently still not satisfied with Seufert's progress, Dr. Tedrow recommended that Seufert undergo counseling. (Tr. 194.) Again, there was no mention of his depression being situational or temporary.

The ALJ's mischaracterization of Seufert's depression may have led the ALJ to improperly conclude that Seufert's depression was not "severe." An impairment is considered non-severe only "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989) (citations omitted); *see also Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (the sequential analysis can be discontinued at step two when an impairment or

2

Case 6:04-cv-03320-NKL   Document 16   Filed 08/01/05   Page 2 of 4

combination of impairments would have "no more than a minimal effect on the claimant's ability to work."). The fact that Seufert received continuing treatment for depression for nearly a year, and that his physician recommended counseling in his ninth month of treatment strongly suggests that Seufert's depression is "severe" within the meaning of the Act.

The ALJ also erred in minimizing evidence of Seufert's mental retardation. The ALJ correctly noted that Seufert had obtained IQ scores that place him in the range of mild mental retardation. The ALJ also correctly noted that Seufert "completed the 12th grade attending regular classes, but obtaining C's and D's." (Tr. 20.) However, the ALJ neglected to mention a number of important facts. First, the ALJ neglected to mention the fact that Seufert's high school did not offer a Special Education curriculum. (Tr. 281.) Since there was no special curriculum available to Seufert, the ALJ should not have given any weight to the fact that Seufert attended regular classes. Second, although the ALJ correctly noted that Seufert received some C's in high school, the ALJ failed to mention that most of Seufert's grades were F's. Indeed, Seufert's high school cumulative GPA was a 0.660. In contrast to the ALJ's opinion, which suggests that Seufert was a slightly below-average student, the record reveals that Seufert has substantial learning deficiencies.

Upon remand, the ALJ is instructed to find that Seufert's depression is an ongoing condition, not a temporary "situational" one. If the ALJ again concludes that Seufert's depression is not "severe," the ALJ must explain why his depression constitutes only a

slight abnormality which would have no more than a minimal effect on his ability to work. In addition, the ALJ is instructed to reevaluate the severity of Seufert's mental retardation, taking into account his dismal school records and the possibility that he would have qualified for a special education curriculum if his school had offered it.

Accordingly, for good cause shown, it is

ORDERED that the decision of the ALJ is REVERSED and the case is REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 1, 2005
Jefferson City, Missouri